UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTEL THOMPSON,**<br>           **Plaintiff** | )<br>)<br>) |
| v. | )   Civil Action No.<br>)<br>) |
| **COLLECTO, INC., d/b/a Collection**<br>**Company of America,**<br>           **Defendant** | )<br>)<br>) |

# COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff brings this action seeking damages due to defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") in attempting to collect an alleged consumer debt.

## Parties

1. Plaintiff Christel Thompson is an individual who at all relevant times has resided in Beverly, Essex County, Massachusetts.

2. Defendant Collecto, Inc. is, on information and belief, a duly organized and existing corporation with a principal place of business located in Norwell, Massachusetts, and which is engaged in business in the Commonwealth of Massachusetts. Defendant does business under the name "Collection Company of America," and is a "debt collector" within the meaning of 15 U.S. C. §1692a.

## Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and 15 U.S.C. §1681 *et seq.*, and this Court therefore has subject matter jurisdiction over said claims pursuant to 15

U.S.C. §§1692k(d) and 1681(p).  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

5.  On or about July 25, 2009, defendant placed a telephone call to plaintiff in connection with an alleged debt which plaintiff had obtained for personal, household, or family purposes, and engaged plaintiff in conversation regarding same.  This was defendant's first communication with plaintiff in connection with the alleged debt, but defendant did not inform plaintiff that defendant was attempting to collect a debt and that any information obtained will be used for that purpose.  At no point during the call did he caller identify defendant.

6.  During the July, 2009 conversation defendant indicated that the alleged debt was for an unpaid tuition bill, and stated a balance due which plaintiff believed was highly inflated, if she owed anything at all.  Plaintiff asked defendant to explain the balance, but defendant evaded plaintiff's question and simply stated that the money was owed and needed to be paid.

7.  On September 10, 2009, defendant placed a telephone call to plaintiff in connection with the collection of the same alleged debt.  Defendant left a voicemail message for plaintiff which failed to inform plaintiff that the call was from a debt collector.  In addition, during the message defendant stated that plaintiff must "call as soon as possible to avoid action," and referenced a "legal case" number.

8.  On October 8, 2009, defendant placed another telephone call to plaintiff in connection with the same alleged debt, and left a voicemail message for plaintiff.  Defendant's message failed to inform plaintiff that the call was from a debt collector.  In addition, the

message stated that "they are taking action on you in regard to this account" and stated that plaintiff must pay the full balance by 9:00 p.m. that day in order "to stop the action taking place on this account." The message also referenced a "legal case" number.

9. On December 23, 2009, defendant called plaintiff and left a message. Defendant's message failed to identify defendant or indicate that the call was from a debt collector.

10. Plaintiff has not received, and on information and belief defendant did not send to plaintiff in a timely fashion, the validation notice required by 15 U.S.C. 1692g(a).

## Claims under the FDCPA

### COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. Defendant failed to provide the disclosure required by section 1692e(11) of the FDCPA in its July, 2009 telephone conversation with plaintiff.

WHEREFORE, plaintiff prays for judgment awarding her statutory damages, costs, and reasonable attorney's fees.

### COUNT II

13. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

14. In the call of July, 2009, plaintiff was not informed of defendant's identity in violation of section 1692d(6) of the FDCPA.

WHEREFORE, plaintiff prays for judgment awarding her statutory damages, costs, and reasonable attorney's fees.

### COUNT III

15. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

16. In the call of July, 2009, defendant failed to inform plaintiff that the stated balance included certain fees and/or costs, or the amount of same. In addition, some or all of the

fees and/or costs included in the alleged balance were not owed at the time of the call. Defendant thus misrepresented the character and amount of the alleged debt in violation of section 1692e(2)(A) of the FDCPA.

 WHEREFORE, plaintiff prays for judgment awarding her statutory damages, costs, and reasonable attorney's fees.

## COUNT IV

17. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

18. Defendant's phone message of September 10, 2009 failed to provide the disclosure required by section 1692e(11) of the FDCPA.

 WHEREFORE, plaintiff prays for judgment awarding her statutory damages, costs, and reasonable attorney's fees.

## COUNT V

19. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

20. Defendant's phone message of September 10, 2009, threatened legal action which at the time defendant did not intend to take, even if plaintiff did not call back as requested, thus violating section 1692e(5) of the FDCPA.

21. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

 WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT VI

22. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

23. Defendant's false threat of legal action in its September 10, 2009, phone message constituted an unfair means of attempting to collect a debt in violation of section 1692f of the FDCPA.

24. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

   WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT VII

25. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

26. Defendant's phone message of September 10, 2009 falsely implied that a lawsuit had been prepared and/or filed against plaintiff, thus violating section 1692e(10) of the FDCPA.

27. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

   WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT VIII

28. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

29. Defendant is not engaged in the practice of law, nor does it employ or affiliate with attorneys for the purpose of filing collection lawsuits against consumer debtors. Accordingly, defendant's message of September 10, 2009 violated section 1692e(5) of the FDCPA.

30. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT IX

31. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

32. Defendant's message of October 8, 2009, failed to state that defendant was a debt collector, thus violating section 1692e(11).

WHEREFORE, plaintiff prays for judgment awarding her statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT X

33. The allegations of paragraphs 1 - 10 are incorporated herein as if fully set forth.

34. Defendant's message of October 8, 2009, misrepresented that defendant was in the process of taking legal action against plaintiff, thus violating section 1692e(10) of the FDCPA.

35. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT XI

36. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

37. Defendant's message of October 8, 2009, misrepresented that plaintiff was required to pay the alleged debt in full by 9:00 p.m. in order to stop legal action being taken against her. At the time defendant left the message it did not have intent to take legal action if plaintiff did not return the call as demanded, and thus defendant violated section 1692e(5) of the FDCPA.

38. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT XII

39. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

40. Defendant is not engaged in the practice of law, nor does it employ or affiliate with attorneys for the purpose of filing collection lawsuits against consumer debtors. Accordingly, defendant's message of October 8, 2009, represented that it would take action which it could not legally take, thus violating section 1692e(5) of the FDCPA.

41. As a result of defendant's misconduct, plaintiff suffered emotional distress and mental anguish, resulting in nausea, loss of sleep, headaches, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment awarding her actual and statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT XIII

42. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

43. Defendant's message of December 23, 2009, failed to state that defendant was a debt collector, thus violating section 1692e(11) of the FDCPA.

    WHEREFORE, plaintiff prays for judgment awarding her statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT XIV

44. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

45. Defendant's message of December 23, 2009, failed to disclose defendant's identity, thus violating section 1692d(6) of the FDCPA.

    WHEREFORE, plaintiff prays for judgment awarding her statutory damages, interest, costs, and reasonable attorney's fees.

### Claims under the FCRA

46. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

47. On or about August 14, 2009, defendant requested plaintiff's credit report from Experian Information Services, Inc., a credit reporting agency as defined by section 1681a(f) of the FCRA, and the credit report was furnished to defendant.

48. On information and belief, defendant's purported purpose for requesting plaintiff's credit report on August 14, 2009, was for review and/or collection of plaintiff's alleged debt. However, defendant had already requested and obtained plaintiff's report from Experian approximately 14 days prior to said date. Accordingly, the obtaining and use of plaintiff's credit report on or about August 14, 2009, was not for a permissible purpose and defendant therefore violated section 1681b(f) of the FCRA.

49. As results of the aforesaid violation of the FCRA, plaintiff's credit score was reduced and plaintiff chose not to apply for certain credit.

50.  Defendant's misconduct was willful, rendering it liable for actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n.  Alternatively, defendant's conduct was negligent, rendering it liable for actual damages under 15 U.S.C. §1681o.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(a) awarding her actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n or alternatively, awarding her damages pursuant to 15 U.S.C. §1681o;

(b) ordering defendant to instruct Experian to delete the subject inquiry from plaintiff's credit file;

(c) awarding interest, costs, and reasonable attorney's fees;

(d) awarding such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

CHRISTEL THOMPSON, plaintiff
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com